UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| FAUSTINO HERNANDEZ, )<br>)<br>Petitioner, )<br>v. )<br>)<br>DICK BROWN, )<br>)<br>Respondent. ) | Case No. 2:13-cv-134-JMS-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Faustino Hernandez for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVS 13-01-0013. For the reasons explained in this Entry, Hernandez's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 20, 2013, Correctional Officer K. Ocheltree wrote a conduct report charging Hernandez with possession of materials used for unauthorized financial transactions. The conduct report stated:

> On 01-20-2013 at appx. 2145 p.m., I c/o K. Ocheltree performed a shakedown on cell A-804. During the shakedown I found a piece of paper with a 16 digit number written below a phone number "18004733636" (1800- GREENDOT). This paper was found behind the television on the upper shelf. Offender Hernandez, Faustino is assigned to cell A-804.

On January 23, 2013, Hernandez was notified of the charge and given a copy of the report of conduct and the screening report. He was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. He did not request any witnesses. He asked to see the actual evidence.

A hearing was conducted on January 29, 2013. A disciplinary hearing officer found Hernandez guilty of the charge. In finding Hernandez guilty, the hearing officer considered the staff reports, the statement of the offender, and photographs of the numbers. Hernandez was sanctioned with a written reprimand, a 1 month loss of commissary privileges, and an earned credit time deprivation of 30 days. These sanctions were imposed because of the likelihood of the sanctions having a corrective effect on the offender's future behavior.

Hernandez appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### C. Analysis

Hernandez asserts the following claims: 1) the screening officer denied him the opportunity to view the evidence against him; 2) the hearing officer failed to have any

investigation done to verify the validity of the conduct report; and 3) the hearing officer failed to provide a written statement of the evidence relied on and the reason for his decision.

For his first claim, Hernandez argues that he was not shown the evidence relied on to find him guilty. Specifically, he contends that he was not allowed to see the slip of paper containing the numbers above the 1-800-GREENDOT phone number, Exhibit C-1, until the hearing. The screening report reflects, however, that "all evidence was shown to offender." [Dkt. 8-2, page 1, Exhibit B.] Hernandez's first claim is without merit.

Hernandez's second claim is that the hearing officer's decision lacked any investigation into the numbers contained on the conduct report. This is a challenge to the sufficiency of the evidence.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or, as mentioned by Hernandez, "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted).

The conduct report stated that the phone number for Green Dot and 16 other account numbers were found on a piece of paper in Hernandez's cell. A rational adjudicator could readily conclude from the content of the conduct report that Hernandez had possessed materials used for unauthorized financial transactions.[1] This evidence was sufficient to satisfy the lenient standard of "some evidence" and to support the finding that Hernandez was guilty of the charge. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Hernandez's second claim also lacks merit.

Hernandez's third claim, that the hearing officer failed to provide a written statement of the evidence relied on and the reason for the decision, is contradicted by the report of disciplinary hearing, Exhibit C. The hearing officer listed the evidence considered and stated that based on that evidence, he found Hernandez guilty. The reason the sanctions were ordered was because of the likelihood that the sanctions would deter future similar behavior. Exhibit C. The hearing officer's findings are sufficient to satisfy the requirements of due process.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the

---

[1] The respondent asserts that Green Dot is an anonymous debit card service that allows a person to purchase a reloadable or prepaid debit card and its accompanying number. Money can be loaded onto the number and used like a debit card or money can be transferred between card numbers. It allows for an anonymous financial system to be used as an alternative to cash transactions. The respondent further reports that offenders use this system to move money without detection.

charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Hernandez's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date:   10/15/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Faustino Hernandez
No. 997752
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel